HAWLEY D. CLAPP, Appellant, *v.* THOMAS R. HAWLEY et al., Respondents.

(Argued April 24, 1877; decided May 22, 1877.)

THIS was an action to foreclose a mortgage. Plaintiff sold a farm to defendant, Thomas R. Hawley, taking a bond for the purchase price, secured by mortgage upon the farm, and upon another farm belonging to Hawley. Defendant, Augusta W. Hawley, who is wife of Thomas B. Hawley, owned another farm. The three farms were contiguous. After the execution of the bond and mortgage, and in April, 1872, the parties united in an agreement, by which it was agreed, substantially, with some exceptions and reservations, that the three farms should together be divided into lots and sold at public auction, "with all proper and judicious dispatch," the first sale to be had not later than June 15th thereafter; that, upon sales being made of any portion of the farm sold by plaintiff, he should release the portions sold from his mortgage, and of the avails of all the sales, after deducting certain expenses, plaintiff was to receive fourteen-twenty-fourths and the defendants the residue, the proportion received by plaintiff to be credited and applied upon his bond and mortgage. Plaintiff agreed that, if the amounts so received and credited should exceed the principal and interest of his bond and mortgage, the excess should be paid by him to Mrs. Hawley. In case the credits so given should not, after sale of all the property, be sufficient to pay the bond and mortgage, plaintiff agreed that, in consideration of the premises, and provided the other parties should well and truly perform the agreement on their part, he would satisfy and discharge said bond and mortgage.

In May, 1871, portions of the farms were sold at auction under the agreement, including a portion of Mrs. Hawley's farm, and the proceeds were divided in accordance with the agreement. In August, 1871, a portion of Mrs. Hawley's farm was sold at private sale, plaintiff receiving and accepting his proportion. The residue was put in condition for sale, and a sale advertised for September 19th, 1871, but, in consequence of the bringing of a suit by a third person, claiming title to a portion of the premises, in which suit a *lis pendens* was filed, the sale was adjourned. Plaintiff received and accepted a portion of the avails of the parcel sold at private sale after such adjournment. The said suit was defended and was still pending when, in August, 1875, this action was commenced. It did not appear that plaintiff had demanded or requested a further sale or insisted upon performance. *Held*, that the agreement being founded upon a new and good consideration, was valid, and took the place of, or was to be considered as incorporated into, the bond and mortgage *pro tanto;* that, conceding that plaintiff could, under any supposable state of facts, resort for satisfaction to his bond and mortgage (as to which the court did not wish themselves to be understood as expressing any opinion), the defendants had not been shown in such default as would authorize such a resort; that, with a suit pending to establish or enforce an alleged superior lien, it was not judicious to make sale of the lands, or at least, if, in plaintiff's opinion, it was, he should have unmistakeably made it known to defendants.

*Day* v. *Roth* (18 N. Y., 448), distinguished.

*James Emott*, for appellant.

*William H. Arnoux*, for respondents.

FOLGER, J., reads for affirmance of order, and for judgment absolute against plaintiff.

All concur.

Order affirmed and judgment accordingly.